### *In re* ONE HUNDRED AND EIGHTY-FIRST STREET.

### *In re* MORTON.   *In re* BLISS.

(*Supreme Court, General Term, First Department.*   February 18, 1892.)

1. STREET OPENING—ABSENCE OF COMMISSIONER—WAIVER OF OBJECTION.
     An objection to a  report of commissioners of street opening, on the ground of the absence of one commissioner at the time of summing up by counsel after all the testimony was in, is waived where the objectant proceeds without any intimation of such an objection, and makes it for the first time after the award.

2. SAME—ASSESSMENT—INSTALLMENTS.
     Laws 1882, c. 410, (Consolidation Act,) § 920, providing for the manner of payment of assessments levied for street openings in the Twelfth ward of said city, above 181st street, allows the property owner to pay an assessment levied by yearly installments of 5 per cent., annual interest being charged on the portion remaining unpaid, but does not prohibit the assessment of the entire expense of the opening at one time.

Appeal from special term, New York county.

Proceedings for the opening of 181st street, between Tenth and Eleventh avenues. Levi P. Morton and George Bliss appeal from an order confirming the report of commissioners of estimate and assessment in said matter. Affirmed. For former report, see 12 N. Y. Supp. 345.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*James A. Deering,* for appellants Levi P. Morton and George Bliss. *Deming & Logan,* for respondents Charles Chesbrough and Henry Trowbridge. *Chas. D. Ingersoll,* for respondents U. S. Loan Commissioners. *William H. Clark,* Corp. Counsel.

VAN BRUNT, P. J. This is an appeal from an order confirming report of commissioners in this proceeding, because of the absence of one of the commissioners at the time of the summing up by some of the counsel after all the testimony had been introduced, and subsequently taking part in the discussion and determination of the commissioners, and also upon the ground that the said commissioners had no jurisdiction to levy an assessment for the entire expense of opening the street against the property of the appellants, nor had the court power to confirm the same.

As to the first ground, it would appear from the record that the parties had been accustomed to go on when one of the commissioners was absent, and that no objection whatever was taken or suggestion made that the presence of all the commissioners was required; and it was not until after the award had been made, and the motion made to confirm, that the objection was taken that all were not present at the summing up. We think this objection was taken too late. After having gone on with the proceedings, and allowed the commissioners to believe that there was no objection to proceeding in the absence of one of their number, and having submitted the case under these circumstances, it is now too late to raise the objection that they were entitled to the presence of all the commissioners during each and every part of the proceedings. Whatever rights they may have had in that regard were waived by the method of their procedure.

In respect to the right of the commissioners to levy an assessment for the entire expense of opening 181st street against the property of the appellants, attention is called to section 920 of the consolidation act, which provides as follows: "The assessment for benefit in all proceedings pending on the sixteenth day of June, eighteen hundred and eighty-one, or thereafter commenced or to be commenced, to acquire title to lands in the Twelfth ward, north of One Hundred and Fifty-Fifth street, and the Twenty-Third and Twenty-Fourth wards, for a street, avenue, or public place, or for the opening or widening thereof, and all assessments levied for grading, regulating, paving, and sewers, in said territory, and all assessments heretofore levied therein, for any of said purposes, shall be payable in yearly installments of five per centum of the whole amount of each of such assessments, together with seven per centum interest on the whole amount unpaid in any year, which yearly installment and interest shall be levied and collected with the annual taxes upon the property so assessed, and payment thereof enforced in the same manner as such taxes, and with the same penalties. Any person whose property is assessed for any of the purposes specified in this section may pay the whole of such assessments, and all the interest due thereon, at any time. The amounts assessed for any of the aforesaid purposes, and all arrears so assessed, shall, as between vendor and vendee, or upon a judicial sale thereof, be deemed the amount due on such assessment upon each parcel, unless otherwise expressed in writing between the parties. The said comptroller is directed, upon the application of any owner of any part of a parcel embraced in a single assessment, to apportion the amount to be assessed against such

part and the remainder of such parcel; and payment of the sums so apportioned of the yearly portion thereof, provided for in this section, shall discharge such part from the lien of said assessment." And it is claimed that no assessment can be made, except that each yearly installment of 5 per cent. of the whole amount of the assessment shall be levied and collected with the annual taxes upon the property so assessed, and payment thereof enforced in the same manner as such taxes, and with the same penalties.

It seems to us clear that this interpretation cannot prevail, because the act provides that all assessments levied shall be payable in yearly installments of 5 per centum of the whole amount of each of such assessments, together with seven per cent. interest on the whole amount unpaid in any one year. It clearly provides that interest upon the whole amount remaining unpaid shall be charged in each year, and collected with the yearly installment, because the provision is that each yearly installment and interest shall be levied and collected with the annual taxes upon the property so assessed. The commissioners, therefore, had a right to assess the whole expense; the parties, under the law, having a right to pay by installments, and being charged with interest annually upon the amount remaining unpaid. Any other construction of the act would require annually the levying of new assessments, thus complicating the proceedings to an indefinite degree. The object of the act was to give the owner, upon the payment of interest annually, an extension of time for the payment of the principal, and nothing more. There is no intention manifested in the statute that the lien of the assessment as it had heretofore existed should be in any way changed. The remedies for its enforcement were simply affected. We think, therefore, that the commissioners had a right to levy the whole assessment; the owners of the land affected having the privilege of paying it by installments.

The order appealed from should be affirmed, with $10 costs, and disbursements.